UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEOFF COMRIE,<br><br>    Plaintiff,<br><br>v.<br><br>3GTMS, INC. and MITCHELL WESELEY,<br><br>    Defendants. | 3:15-cv-01867 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

**I. INTRODUCTION**

Plaintiff, a former employee and Chairman of the Board of Defendant 3GTMS, Inc. ("3GTMS"), brings this action against 3GTMS and its Chief Executive Officer, Defendant Mitchell Weseley. Plaintiff brings claims under Connecticut law for breach of contract, a statutory claim for improper discharge, and common law claims for wrongful discharge and defamation. Plaintiff's claims all arise in relation to the events surrounding his September 9, 2015 termination by 3GTMS.

In his Complaint, Plaintiff asserts that this Court has subject matter jurisdiction based on diversity of citizenship. Complaint [Doc. 1] ¶ 2 (citing 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States")).[1]

---

[1] The element of jurisdictional amount is satisfied in that Plaintiff alleges damages in excess of $75,000. Complaint [Doc. 1], at 11 (seeking as damages, *inter alia*, "$95,000

However, as set forth below, Plaintiff has failed to allege sufficient facts to establish that such diversity of citizenship exists. Accordingly, the citizenship of the parties must be confirmed before this action may proceed.

## II.     DISCUSSION

It is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it. As the Second Circuit has observed, "[it] is the obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014) ("Federal courts have a duty to inquire into their subject matter jurisdiction sua sponte, even where the parties do not contest the issue"). The Court must therefore "review a plaintiff's complaint at the earliest opportunity to determine whether [it] has subject matter jurisdiction." *Licari v. Nutmeg Ins. Adjusters, Inc.*, 2008 WL 3891734, at *1 (D. Conn. July 31, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997) (subject matter jurisdiction may be raised *sua sponte* at any time)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see, e.g.*, *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) ("[w]here jurisdiction is lacking . . . dismissal is mandatory") (internal quotation

---

in salary, $4,086.00 in medical insurance benefits and $2,187.50 in 401k plan benefits").

omitted); *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, *dismissal is mandatory*." (emphases added)).  Further, "it is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotations and citation omitted).

For diversity of citizenship to exist, each plaintiff's citizenship must be diverse from that of each defendant.  *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).  Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paola del Lungo S.P.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

In the Complaint at bar, Plaintiff makes the following allegations with respect to the citizenship of each of the parties:  (i) "[t]he parties reside in different states.  Plaintiff resides in Florida, and Defendant is located in Connecticut";[2] (ii) Plaintiff "is a resident of Florida"; (iii) 3GTMS "is located at 35 Fantern Hill Road, Weston CT 06883," and "is incorporated in Delaware and licensed and authorized to do business in Connecticut"; and (iv) "Weseley is a resident of Connecticut." Complaint ¶¶ 2, 4-6.

---

[2]  It appears that Plaintiff omits a reference to Defendant Weseley here, evidenced by his use of the singular "Defendant" and that one rarely refers to an individual as "located in" a given geographic area with respect that individual's residence.

Plaintiff purportedly posits the above allegations to be sufficient to confer diversity jurisdiction. Plaintiff is mistaken.

With respect to himself and Weseley, Plaintiff errs in making allegations solely with respect to *residence*. As quoted above, 28 U.S.C. § 1332, the diversity statute, speaks only of *citizenship*, and it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). Rather, an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *see also John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens"). Notably, "'[d]omicile' is not necessarily synonymous with 'residence,'" and "one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal citations omitted). By making allegations only as to his and Defendant Weseley's *residence*, Plaintiff has failed to sufficiently allege the citizenships of either party.

Plaintiff also fails to allege properly the full citizenship of 3GTMS. The diversity statute expressly dictates that, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it was its principal place of business." 28 U.S.C. § 1332(c)(1). There are thus two sources of citizenship for a corporation: (i) state(s) of incorporation; and (ii) state of principal place of business. Plaintiff here alleges that 3GTMS "is located [in Connecticut]," and "is incorporated in Delaware and [is] licensed and authorized to do business in Connecticut." Complaint [Doc. 1]

¶ 5. This is clearly sufficient to establish that 3GTMS is a citizen of Delaware for purposes of diversity. However, that 3GTMS is "located" or "licensed and authorized to do business" in Connecticut is not, in and of itself, relevant to diversity jurisdiction without an allegation as to whether 3GTMS's "principal place of business" is in Connecticut.[3] By failing to make allegations as to 3GTMS's principal place of business, Plaintiff has failed to properly allege the full citizenship of Defendant 3GTMS.

## III. CONCLUSION

Upon review of the Complaint, the Court has determined that Plaintiff's factual allegations in support of subject matter jurisdiction are deficient. Plaintiff has failed to provide the facts necessary to determine the full citizenships of any of the parties named in this litigation.

Therefore, in order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, the citizenship(s) of each party for diversity purposes as of the date Plaintiff commenced the action, December 23, 2015. That is, Plaintiff must demonstrate the citizenship(s) of each party by submitting an affidavit explicitly setting forth those state(s) of citizenship.

Plaintiff shall file and serve this affidavit on or before **January 22, 2016**. All case deadlines are hereby stayed pending the Court's review of the affidavit. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court will dismiss the action without prejudice to Plaintiff filing, if so advised,

---

[3] For example, there are Starbucks Corporation coffee chains "located in" Connecticut, and the Starbucks Corporation is "licensed and authorized to do business" in Connecticut; however, the Starbucks Corporation's principal place of business (and state of incorporation) is Washington and thus it is *not* a citizen of Connecticut for purposes of diversity jurisdiction.

in an appropriate jurisdiction.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 29, 2015

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE